

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**October 30, 2025 13:51**

By: CHRISTOPHER P. WIDO 0090441

Confirmation Nbr. 3660968

VIRGEN PERES

vs.

LAS VILLAS BAKERY, INC., ET AL

CV 25 127348

**Judge:** NANCY MARGARET RUSSO

**Pages Filed:** 12

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| VIRGEN PERES<br>908 Stevenson Road<br>Cleveland, Ohio, 44110<br><br>      Plaintiff,<br><br>  v.<br><br>LAS VILLAS BAKERY, INC.<br>3216 West 41st Street<br>Cleveland, Ohio, 44109<br><br>  **Serve Also:**<br>  David Marti Martinez,<br>  Registered Agent<br>  3466 W 41st St<br>  Cleveland, Ohio, 44109<br><br>  -and-<br><br>DAVID MARTI MARTINEZ<br>3466 W 41st St<br>Cleveland, Ohio, 44109<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |

Plaintiff Virgen Peres, by and through undersigned counsel, as her Complaint against Defendants Las Villas Bakery, Inc. ("LVB") and David Marti Martinez ("Martinez"), states and avers the following:

**PARTIES, JURISDICTION, AND VENUE.**

1. Peres is an individual residing in Cuyahoga County, Ohio.

2. LVB is an Ohio corporation whose principal place of business is located in Cuyahoga County, Ohio.

3. Martinez is the owner and/or Principal of LVB, who resides in Cuyahoga County, Ohio.

4. Personal jurisdiction is proper over Defendants pursuant to Ohio R.C. 2307.382(A)(1)-(3).

5. Venue is proper pursuant to Civ. R. 3(C)(1)-(3) and (6).

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## ADMINISTRATIVE HISTORY

7. Peres believes that, in addition to the allegations made below, she was terminated because of her age and/or disability ("Discrimination Claims").

8. Contemporaneous with the filing of this Complaint, Peres is filing charges with the Ohio Civil Rights Commission ("OCRC") in connection with her Discrimination Claims.

9. Peres cannot assert her Discrimination Claims in connection with this action until the OCRC dismisses her charges and issues her a Right To Sue Letter.

10. Peres will amend at a later date to add the Discrimination Claims when she receives a Right to Sue letter from the OCRC.

11. On or around August 20, 2025, Peres, through counsel, provided notice of her intent to pursue a claim for Worker's Compensation retaliation to LVB in accordance with Ohio R.C. § 4123.90's 90-day notice requirement. The delivery of this notice was captured on video.

## FLSA COVERAGE

12. At all times referenced herein, LVB was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

13. At all times referenced herein, Peres was individually covered by the FLSA because she was "engaged in commerce" within the meaning of 29 U.S.C. § 207(a). Peres's regular job duties included taking customer orders and processing payments, which required her to regularly and recurrently use instrumentalities of interstate commerce, including credit card processing terminals and systems, to conduct transactions.

14. At all times referenced herein, LVB was Peres' "employer" within the meaning of 29 U.S.C. § 203(d).

15. At all times referenced herein, Martinez was Peres' "employer" within the meaning of 29 U.S.C. § 203(d).

## OMFWSA COVERAGE

16. At all times referenced herein, LVB was an "employer" as defined by Ohio R.C. § 4111.01(C) and subject to Ohio's overtime statute, R.C. § 4111.03, as its annual gross receipts of $500,000.00 or more (as alleged above) exceed the $150,000 threshold specified in R.C. § 4111.03(B).

17. At all times referenced herein, LVP was Peres' "employer," as that term is defined by Article II, Sec. 34a of the Ohio Constitution.

18. At all times referenced herein, Martinez was Peres' "employer," as that term is defined by Article II, Sec. 34a of the Ohio Constitution.

## FACTUAL ALLEGATIONS.

19. LVB operates a bakery and restaurant located in Cleveland, Ohio.

20. Peres is a former employee of LVB.

21. Peres was hired by LVB on or about May 13, 2023, in the position of Customer Service.

22. At all times referenced herein, Peres was paid on an hourly basis.

23. Peres often worked more than 40 hours in a single work week.

24. On some occasions during 2025, LVB paid Peres overtime.

25. During most of Peres employment, including during certain pay period during 2025, LVB failed to pay Peres overtime when she worked more than 40 hours in a single work week.

26. Peres complained to Martinez several times about not being paid overtime.

27. Martinez responded to Peres complaints about overtime by telling her that LVB could not afford to pay overtime during that week.

28. Upon information and belief, Martinez treated the payment of overtime as optional based on his perception of the performance and income of LVB during the same week.

29. On or about April 26, 2025, Peres suffered a serious injury during the course and scope of her employment when she slipped on a wet floor and fell, landing hard on her back ("Accident")

30. Another LVB supervisor, Porfirio Zepeda, witnessed Peres' accident.

31. Peres asked Zepeda to call an ambulance.

32. Zepeda refused to call an ambulance and instead instructed Peres to return to work.

33. Peres was in significant pain after the accident but did as Zepeda instructed and resumed working.

34. Peres' pain grew worse as time went on.

35. On or about April 27, 2025, Peres sought emergency medical treatment and was diagnosed with a fractured coccyx.

Electronically Filed 10/30/2025 13:51 / / CV 25 127348 / Confirmation Nbr. 3660968 / CLEV1

36. As a result of her fractured coccyx, Peres suffered from a physical impairment that substantially limited one or more major life activities, including standing, bending, lifting, and sustained movement.

37. Peres's injury and resulting limitations qualify her as disabled under Ohio R.C. § 4112.01(A)(13).

38. On or about April 28, 2025, Peres submitted a formal request for five days of medical leave, supported by her doctor's orders, to Zepeda.

39. Peres' physician also provided Peres with a note stating she could return to work on May 1, 2025, but required a reasonable accommodation for her injury, specifically one 15-minute break per day ("Accommodation Note").

40. Peres provided the Accommodation Note to LVB.

41. LVB refused to honor the basic accommodation request contained in the Accommodation Note.

42. It would not have imposed an undue hardship on LVB to allow Peres to take a 15 minute break during her shift.

43. LVB failed to engage in the interactive process to identify potential alternative accommodations for Peres.

44. On or about May 14, 2025, Peres filed a workers' compensation claim with the Ohio Bureau of Workers' Compensation for the injury she sustained at work on April 26, 2025.

45. LVB, including its supervisors and Martinez, were aware of Peres' work-related injury, her request for accommodation, and her Worker's Compensation Claim.

46. On or about May 21, 2025, LVB, through its accountant Claudia Castillo, suddenly terminated Peres' employment.

5

47. Castillo apologized to Peres and told her that it was "Dave's (Martinez) decision" and that she was just "the messenger."

48. On May 22, 2025, LVB provided Peres with a written termination notice stating she was being terminated due to a "restructure" and her position was no longer needed.

49. Peres' termination occurred in close temporal proximity to her complaints about overtime; her Accident and resulting Worker's Compensation Claim; and her request for a reasonable accommodation for her disability.

50. LVB's stated reason for Peres's termination is pretextual.

51. Throughout Peres' employment, LVB, through its supervisors, favored younger employees, including Carolina (last name unknown), 28, and Areli (last name unknown), 26.

52. LVB regularly denied Peres' requests for schedule adjustments while approving identical requests from substantially younger employees.

53. Shortly after Peres' termination, LVB replaced her with a substantially younger person and/or assigned her job duties to substantially younger employees.

54. LVB's actions in terminating Peres were in direct retaliation for her filing a Workers' Compensation Claim and/or because LVB believed that Peres would file a Workers' Compensation Claim, and/or for her complaints about LVB's failure to pay overtime.

55. As a direct and proximate result of LVB's retaliatory and wrongful actions, Peres has suffered and continues to suffer damages.

## COUNT I: WORKERS' COMPENSATION RETALIATION
### (Asserted Against LVB Only)

56. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. On or about May 21, 2024, LVB terminated Peres.

58. LVB terminated Peres in retaliation for Peres filing a claim for Workers' Compensation benefits.

59. Peres is entitled to recover damages from LVB for its wrongful discharge of her in retaliation for filing a claim for Workers' Compensation benefits under Ohio R.C. § 4123.90.

60. As a direct and proximate result of LVB's conduct, Peres has suffered and will continue to suffer damages.

## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Asserted Against LVB Only)

61. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. A clear public policy of the State of Ohio, as embodied in Ohio R.C. § 4123.90 and recognized at common law in *Sutton v. Tomco Plastics, Inc.* (1998), 129 Ohio App.3d 243, prohibits an employer from discharging an employee for filing, instituting, or pursuing a workers' compensation claim.

63. LVB's termination of Peres after her significant workplace injury, and in anticipation and/or belief that she would pursue a Workers' Compensation Claim, jeopardizes this clear public policy.

64. Pleading in the alternative to Count I, Peres's termination was motivated, in whole or in part, by her workplace injury and LVB's belief that she intended to institute or pursue a Workers' Compensation Claim.

65. LVB lacked an overriding legitimate business justification for Peres's termination.

66. LVB's proffered reason for termination (a "restructure") was pretextual and false.

67. As a direct and proximate result of LVB's conduct, Peres has suffered and will continue to suffer damages.

7

## COUNT III: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT
### (Ohio R.C. § 4111.03)
### (Asserted Against Both Defendants)

68. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. At all times relevant, Defendants were "employers" and Peres was an "employee" under R.C. § 4111.01 and Article II, Sec. 34a of the Ohio Constitution.

70. Peres regularly worked in excess of forty (40) hours per workweek.

71. Defendants willfully, intentionally, and repeatedly failed to pay Peres at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of Ohio R.C. § 4111.03

72. As a direct and proximate result of Defendants' violations, Peres is entitled to recover the full amount of her unpaid overtime wages, plus costs and reasonable attorneys' fees pursuant to Ohio R.C. § 4111.10(A).

## COUNT IV: VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 207)
### (Asserted Against Both Defendants)

73. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. At all times relevant, Defendants were "employers" and Peres was an "employee" as defined by the FLSA, 29 U.S.C. § 203.

75. Peres regularly worked in excess of forty (40) hours per workweek.

76. Defendants willfully, intentionally, and repeatedly failed to pay Peres at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207.

Electronically Filed 10/30/2025 13:51 / / CV 25 127348 / Confirmation Nbr. 3660968 / CLEV1

77. As a direct and proximate result of Defendants' willful violations, Peres is entitled to recover the full amount of her unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.C. § 216(b).

## COUNT V: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (29 U.S.C. § 215(a)(3))
## (Asserted Against Both Defendants)

78. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. The FLSA, at 29 U.S.C. § 215(a)(3), prohibits an employer from discharging or discriminating against any employee because such employee has filed any complaint related to the Act.

80. Peres engaged in protected activity under the FLSA when she made multiple complaints to Martinez that she was not being paid overtime wages, which are required by the Act.

81. Defendants were aware of Peres's protected complaints.

82. On or about May 21, 2025, Defendants terminated Peres's employment.

83. Peres's protected complaints regarding overtime violations were the but-for cause of Defendants' decision to terminate her employment; meaning, Defendants would not have terminated Peres had she not complained about unpaid overtime.

84. Defendants' proffered reason for termination (a "restructure") was pretextual for this unlawful retaliation.

85. Defendants' retaliatory conduct was willful.

86. As a direct and proximate result of Defendants' willful and retaliatory conduct, Peres has suffered lost wages and benefits, emotional distress, and other damages, and is entitled to

9

recover all available relief, including back pay, front pay, liquidated damages, and her reasonable attorneys' fees and costs

## COUNT VI: RETALIATION IN VIOLATION OF OHIO R.C. § 4111.13(B)
### (Asserted Against Both Defendants)

87. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Ohio R.C. § 4111.13(B) prohibits an employer from discharging or discriminating against an employee because the employee has made a complaint to the employer that they have not been paid wages in accordance with Ohio R.C. § 4111.03.

89. Peres engaged in protected activity under Ohio law when she made multiple complaints to Martinez that she was not being paid overtime wages in violation of Ohio R.C. § 4111.03.

90. Defendants were aware of Peres's protected complaints.

91. Defendants' terminated Peres because of her protected complaints.

92. As a direct and proximate result of Defendants' retaliatory conduct, Peres has suffered lost wages and benefits, emotional distress, and other damages, and is entitled to recover all relief available under Ohio law, including costs and reasonable attorneys' fees.

## COUNT VII: VIOLATION OF THE OHIO PROMPT PAY ACT
### (Asserted Against Both LVB Only)

93. Peres restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Ohio R.C. § 4113.15(A) requires every employer to pay an employee "all wages due" at least as often as semi-monthly.

95. The term "wages" includes all earned compensation, including the overtime premium required by R.C. § 4111.03.

96. On numerous paydays during Peres' employment, Defendants failed to pay Peres "all wages due" by withholding the overtime premium she had earned for hours worked in excess of forty (40) in a workweek.

97. Defendants' repeated failure to pay all earned wages on the designated paydays constitutes a direct and willful violation of Ohio R.C. § 4113.15.

98. Pursuant to Ohio R.C. § 4113.15(B), Peres is entitled to recover all unpaid wages, plus liquidated damages in an amount equal to six per cent (6%) of her unpaid overtime wages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Virgen Peres respectfully requests that this Honorable Court grant the following relief:

(a) An award of compensatory damages to compensate Peres for all economic harm, including lost wages (back pay), future lost wages (front pay), and other consequential damages, in an amount in excess of $25,000 to be proven at trial;

(b) An award of compensatory damages for non-economic harm, including emotional distress, humiliation, and loss of reputation, in an amount in excess of $25,000 to be proven at trial;

(c) On Count II only, an award of punitive damages against Defendants for their malicious and willful conduct in an amount in excess of $25,000.00.

(d) An award for all unpaid overtime wages due under the FLSA, 29 U.S.C. § 207;

(e) An award of liquidated damages equal to the full amount of unpaid overtime wages, pursuant to 29 U.S.C. § 216(b);

(f) An award for all unpaid overtime wages due under Ohio R.C. § 4111.03;

(g) An award of liquidated damages for retaliation in violation of the FLSA, pursuant to 29 U.S.C. § 216(b);

(h) An award of liquidated damages for violations of the Ohio Prompt Pay Act, pursuant to R.C. § 4113.15(B), in an amount equal to six percent (6%) of the total unpaid wages;

(i) An award of reasonable attorneys' fees and non-taxable costs as provided by R.C. § 4123.90, R.C. § 4111.10(A), R.C. § 4111.13, and 29 U.S.C. § 216(b);

(j) An award of the taxable costs of this action; and

(k) An award of such other legal and equitable relief, including injunctive relief, as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email:  Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Virgen Peres*

## JURY DEMAND

Plaintiff Virgen Peres demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**

12



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

New Case Electronically Filed: SERVICE REQUEST
October 30, 2025 13:51

By: CHRISTOPHER P. WIDO 0090441

Confirmation Nbr. 3660968

VIRGEN PERES                                          CV 25 127348

  vs.
                                              **Judge:** NANCY MARGARET RUSSO
LAS VILLAS BAKERY, INC., ET AL

**Pages Filed:** 1



**Common Pleas Court of Cuyahoga County, Ohio**
**Nailah K. Byrd, Clerk of Courts**

## INSTRUCTIONS FOR SERVICE

VIRGEN PERES
Plaintiff(s)

Case Number _____

Vs.
LAS VILLAS BAKERY, INC.
Defendants(s)

Judge: _____

Date: _____

**Method of Service Requested:**

Certified Mail Service ✓  Ordinary Mail Service ☐  Federal Express Service ☐

Personal Service by the Sheriff of _____ County ___

Residence Service by the Sheriff of _____ County ___

Personal Service By Process Server ___

Residence Service by Process Server ___

**Name(s) and Address(es) of Parties to Serve:**

LAS VILLAS BAKERY, INC. - 3216 West 41st Street, Cleveland, Ohio, 44109
David Marti Martinez Registered Agent - 3466 W 41st St Cleveland, Ohio, 44109 (Service Only)
DAVID MARTI MARTINEZ - 3466 W 41st St, Cleveland, Ohio, 44109

**Additional Instructions:**

Filing Party Name: Chris Wido    Supreme Court ID if applicable: 0090441

Phone Number: 216.291.4744

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Address for Service if Different from address included above: _____

Electronically Filed 10/30/2025 13:51 / / CV 25 127348 / Confirmation Nbr. 3660968 / CLEV1